## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL JAMES PHILLIPS,
          Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
               Agency,

          and

MICHELLE PHILLIPS,
               Intervenor.

DOCKET NUMBER
NY-0843-23-0092-X-1

DATE:  March 19, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael James Phillips, Astoria, New York, pro se.

Kevin D. Alexander, Jr., Esquire, and Michael Shipley, Esquire,
     Washington, D.C., for the agency.

Michelle Phillips, Amherst, New York, pro se.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

In a July 14, 2025 compliance initial decision, the administrative judge found the Office of Personnel Management (OPM) in noncompliance with the Board's final decision in the underlying appeal ordering OPM to rescind its reconsideration decision, to stop apportioning the appellant's annuity supplement, and to refund all previously apportioned annuity supplement amounts to him. *Phillips v. Office of Personnel Management*, MSPB Docket No. NY-0843-23-0092-C-1, Compliance File, Tab 7, Compliance Initial Decision (CID); *Phillips v. Office of Personnel Management*, MSPB Docket No. NY-0843-23-0092-I-1, Final Order (Feb. 24, 2025). For the reasons discussed below, we now find OPM in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE**

The appellant retired from his Federal employment in 2021 and applied for retirement benefits under the Federal Employees' Retirement System (FERS). *Phillips v. Office of Personnel Management*, MSPB Docket No. NY-0843-23-0092-I-1, Initial Appeal File (IAF), Tab 5 at 4. In a November 2, 2022 initial decision, OPM held that it had to divide the appellant's FERS annuity supplement in the same way as his FERS basic annuity for purposes of calculating the benefit paid to his former spouse (the intervenor), even though the Amended Court Order from the New York State court explicitly provided that his former spouse was not entitled to any portion of the annuity supplement. *Id.* at 51-52. After the appellant requested reconsideration, OPM issued a March 13, 2023 reconsideration decision affirming its initial decision. *Id.* at 4-6.

The appellant appealed OPM's reconsideration decision to the Board. In a February 24, 2025 Final Order, the Board found that OPM had violated the applicable FERS statutes by apportioning the annuity supplement where such

apportionment was expressly precluded by the state court order.[2]  Final Order at 6. Accordingly, the Board ordered OPM to rescind the March 13, 2023 reconsideration decision, stop apportioning the annuity supplement, and refund all previously apportioned annuity supplement amounts to the appellant.  *Id.*

Upon the appellant's petition for enforcement of the Board's Final Order, the administrative judge issued the July 14, 2025 compliance initial decision.  The administrative judge found OPM in noncompliance, granted the petition for enforcement, and again ordered OPM to take the actions identified in the Board's Final Order.  CID at 6-7.  Neither party petitioned for review of the compliance initial decision, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(c). *Phillips v. Office of Personnel Management*, MSPB Docket No. NY-0843-23-0092-X-1, Compliance Referral File (CRF), Tab 3.

In two submissions dated August 15, 2025, OPM stated and provided evidence showing that it rescinded its March 13, 2023 reconsideration decision; discontinued apportionment of the appellant's annuity supplement effective September 1, 2022; and refunded to him the previously withheld annuity supplement amounts for the period September 1, 2022, through July 30, 2025, resulting in a payment of $11,323.46, less federal taxes, on August 8, 2025.  CRF, Tabs 1-2.  OPM explained that, pursuant to 5 C.F.R. § 838.231, the discontinuation of the apportionment was effective the first day of the second month after its July 27, 2022 receipt of the Amended Court Order excluding the annuity supplement from apportionment, i.e., September 1, 2022, with the first payment on October 1, 2022.  CRF, Tab 1 at 4, Tab 2 at 8-9.  Accordingly, OPM did not refund to the appellant the previously apportioned annuity supplement for the period December 1, 2021, through August 30, 2022.  CRF, Tab 2 at 9.

---

[2] Subsequently, in *Director of Office of Personnel Management v. Moulton*, 155 F.4th 1331, 1334-37 (Fed. Cir. 2025), the U.S. Court of Appeals for the Federal Circuit held that 5 U.S.C. §§ 8421(c) and 8467(a) allow OPM to apportion a retiree's FERS annuity supplement only when expressly provided for in a court order.

The appellant responded that OPM was in noncompliance to the extent it did not refund to him all of the previously apportioned annuity supplement amounts. CRF, Tab 4.

On September 8, 2025, OPM notified the Board that it had now refunded to the appellant all of the previously apportioned annuity supplement amounts since the commencement of the annuity. CRF, Tab 5. In support, OPM provided evidence showing that it issued to the appellant a refund in the amount of $2,647.92 on September 5, 2025, representing the annuity supplement apportioned to his former spouse from December 1, 2021, through July 30, 2022. *Id.* at 5-8. The appellant did not respond.

## ANALYSIS

The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

As described above, OPM has provided evidence showing that it has rescinded its March 13, 2023 reconsideration decision, ceased apportionment of the appellant's annuity supplement, and refunded to him all previously apportioned annuity supplement amounts. CRF, Tabs 1-2, 5. The appellant has not responded to OPM's latest compliance submission, and we therefore assume he is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

In light of the foregoing, we find OPM is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in

part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.